**Vandy M. WHITE et al.**

v.

**LOCAL NO. 207 OF the LABORER'S INTERNATIONAL UNION OF NORTH AMERICA.**

**Civ. A. No. 19599.**

United States District Court,
W. D. Louisiana,
Lake Charles Division.

Dec. 31, 1974.

Hall, Raggio & Farrar, Lake Charles, La., for plaintiffs.

Dodd, Barker, Boudreaux, Lamy & Gardner, New Orleans, La., for defendant.

EDWIN F. HUNTER, Jr., Chief Judge:

Vandy White, a member of Local 207 of the Laborer's International Union, asserts this class action under the Labor-Management Reporting and Disclosure Act (29 U.S.C.A. § 412). The basic contention is that 29 U.S.C.A. § 411, Paragraph (a)(3)(A), forbids any increase in local dues unless voted on and approved by a secret ballot of the local membership. Here, the local dues were substantially increased without a secret vote of the membership.

Procedurally, plaintiffs purport to represent, pursuant to Rule 23 of the Federal Rules of Civil Procedure, all other persons similarly situated. Substantively, plaintiffs request:

1. That defendant local be enjoined from collecting the alleged illegal dues and assessments.

2. That the moneys collected under the illegal assessment be reimbursed to those members who have paid it.

3. That defendant be ordered to pay plaintiffs' costs and expenses, including a reasonable counsel's fee.

This class action is clearly proper under Rule 23(b)(2), in that plaintiffs seek injunctive relief in terms generally applicable to the class. In addition, the claim for the return of dues which have allegedly been illegally collected is also a proper class claim under Rule 23(b)(3). Yet, the initial issue central to both class claims is whether or not the local union and its officers infringed the rights of the plaintiffs and other members of the union under Section 101 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 411(a)(3)(A), which reads in pertinent part:

"(A) in the case of a local labor organization, (i) by majority vote by secret ballot of the members in good standing voting at a general or special membership meeting, after reasonable notice of the intention to vote upon such question, or (ii) by majority vote of the members in good standing voting in a membership referendum conducted by secret ballot; * * *."

The central issue must first be disposed of, and notice to the class will be dispensed with until it is resolved by the courts. This is consistent with the general policy that actions maintainable as both (b)(2) and (b)(3) class actions should be treated as (b)(2) class actions and mandatory notice should be dispensed with. Such a course promotes both ease of administration and the underlying principles of Rule 23. If the union is successful in the final analysis, the class will be bound, and all members of the class will be precluded from any claim of the same nature (though, of course, claims of limited specified individual discrimination would not). In the final analysis if plaintiffs are successful, then the court could proceed

with the monetary awards which might be due the individual members. This would necessitate notice to all members of the class under Rule 23(b)(3).

The documents and depositions on record clearly set forth the facts. There is no dispute of material fact as to how the dues were increased and assessed. Counsel agree that we should proceed to act on the motions for summary judgment.

## FACTS

1. Local 207 is a labor union within the meaning of NLRA.

2. Laborer's Local 207 is affiliated with the International Laborer's Union of North America—A.F.L.–C.I.O.

3. Laborer's Local 207 is affiliated with the Western District · Laborer's Council of Louisiana.

4. There is a constitution called "Constitution of the Laborer's International Union of North America."

5. There is a constitution called the "Uniform District Council Constitution" established and promulgated by the Laborer's International Union.

6. The Western District Laborer's Council was created by and is affiliated with the Laborer's International Union.

7. The Constitution of the international union requires the local unions and district councils to comply with and operate in accordance with the Uniform Local Union Constitution and Uniform District Council Constitution.

8. Under the Uniform District Council Constitution and Uniform Local Union Constitution, the Western District Laborer's Council of Louisiana has the authority to regulate and establish the dues that the members of Local 207 are to pay to Local 207 as local union dues.

9. The Uniform District Council Constitution establishes the following procedure for increasing the local dues of members of an affiliated union:

"When an increase in initiation fees or dues payable by members to affiliated local unions is contemplated, the District Council shall give written notice to its affiliate local unions not less than 30 days from the date on which it shall take action, and which shall outline in said notice the date of the meeting when the proposed increase is to be considered and voted upon by the delegates to the District Council, the date on which the contemplated increase is to go into effect, and the grounds or reasons for such increase," * * *.

10. On May 17, 1973, notice was sent to the constituent local of the Western Laborer's District Council of Louisiana that a vote would be taken June 26, 1973, at the District Council's meeting to be held in Alexandria, Louisiana, to increase the dues of members of Local 207 from five (5¢) cents per hour to two (2%) percent of the members' gross wages.

11. On May 23, 1973, the proposed action of the District Council was discussed by the membership of Local 207 *but no vote was taken on it.*

12. On June 26, 1973, the delegates of the District Council, by majority vote, raised the dues of the plaintiffs and other members of Local 207 from five (5¢) cents per hour to two (2%) percent of their gross wages. This constituted a substantial increase in the dues, and these were strictly *local* dues.

13. This was not a case of the District Council[1] making an across the board increase in dues for its four or five locals; the increase was for Local 207 alone.

14. The dues structure of two (2%) percent on the gross wages of the members of Local 207 became effective on July 1, 1973.

---

1. The Business Agent of Local 207 is also the President of the Western Louisiana Laborer's District Council.

## THE CORE OF THE CONTROVERSY

Did the Western District Laborer's Council have the authority to raise the dues that the members of Local 207 were to pay to Local 207 without a secret vote of the members of Local 207 on the proposition?

## THE LAW

Plaintiffs' contention is that under 29 U.S.C.A. § 411(a)(3)(A), any increase in local dues not voted on by secret ballot of the membership is invalid. Consequently, they seek to enjoin the local union from collecting the dues increase. Section 411(a)(3)(A) requires in clear and unmistakable language a secret ballot for any dues increase in the case of a local labor organization. The quoted section is part of a sub-chapter to the Act entitled "Bill of Rights of Members of Labor Organizations." As a remedial statute it is not to be narrowly construed so as to derogate any of the rights granted by the Congress to American working men. Defendant argues that the Western District Laborer's Council, as an intermediate labor organization, has the right to raise the local dues pursuant to 411(a)(3)(B).

We agree that (B) does not require that an increase in dues of a *district* (as distinguished from a local) union be by secret ballot. It is perfectly proper, and often necessary, that national and district unions increase their dues by majority vote at a regular convention. Then, too, an international union has the clear authority under 411(a)(3)(B) to enact an across the board increase in dues to be paid by its members to those affiliate local unions and to bind its local unions by that action without submitting the issue of the dues increase to a referendum of the local's members. This is sometimes necessary to insure the financial health of the union structure. Ranes v. Office Employees, 317 F.2d 915 (7th Cir. 1973).

The facts here are similar to those considered by the Fifth Circuit in *Steib,* [Steib v. New Orleans Clerks and Checkers, Local No. 1497], 436 F.2d 1101 (5th Cir. 1971). There, a district convention of the longshoremen's union levied a 6-cent check-off authorization by a majority vote of the delegates to that convention. The district court, after detailed findings and conclusions, stated that the three (3¢) cents which was to be paid to the District and to the International out of the six (6¢) cents was valid and enforcible, but that that portion of the 3-cent check-off which was to be paid to the local was invalid by reason of refusal of secret ballot to members of locals voting on the 6-cent check-off authorization. We cannot distinguish this case from *Steib.* A holding that a district convention could set local dues for one single local union would be to completely sterilize the provisions of sub-section (A) by placing a completely illogical interpretation upon the provisions of sub-section (B). We once again reiterate: the International may set across the board increases in dues to be paid by local union members to their locals. The key words are "across the board." The record here does not reveal how many district councils there may be, but it is assumed there are many.

This Court recognizes the need to exercise a sound reluctance to interfere in internal union affairs. However, the Court also recognizes its duty to enforce the congressional mandate which resulted in the enactment of LMRDA with the clear purpose of creating a "Bill of Rights" for union members. This includes under the specific terms of the statute the right to vote "yes" or "no" on increases in local dues assessed on a specific local union.

A decree will be entered enjoining future collections of the local dues increase unless and until it is approved in a referendum complying with 29 U.S.C.A. § 411(a)(3)(A).

This action is hereby declared to be a proper class action under Federal Rules of Civil Procedure 23(b)(2) and shall so proceed.

The right to proceed as a 23(b)(3) class action is reserved pending the final resolution of the 23(b)(2) action.

This decision is not effective until a formal order is signed. Should there be any dispute about any factual finding, please direct this to my attention promptly. The Court will grant a suspensive appeal under appropriate conditions.